## HUBBARD, Collector, v. SOBY.

(Circuit Court of Appeals, Second Circuit. April 18, 1893.)

In Error to the Circuit Court of the United States for the District of Connecticut.

At Law. Action by Charles Soby against Charles C. Hubbard, collector of customs at the port of Hartford, to recover duties paid under protest on certain importations of tobacco. There was judgment for plaintiff. 49 Fed. Rep. 234. Defendant sued out a writ of error to the supreme court of the United States which was dismissed for want of jurisdiction. 13 Sup. Ct. Rep. 13. He now brings the case to this court. Judgment affirmed.

Geo. P. McLean, for plaintiff in error.
Lewis E. Stanton, for defendant in error.

Before WALLACE and LACOMBE, Circuit Judges.

PER CURIAM. This is a writ of error to the United States circuit court for the district of Connecticut to review a judgment recovered in that court against the collector of customs for the port of Hartford, for excess of duties paid on certain Sumatra leaf tobacco. The plaintiff below imported two plantation lots of such tobacco in a single shipment, but before duty was collected one lot was withdrawn for transportation to New York, where the duty was paid. The only question in the case was as to the proper rate of duty on the remaining lot. The points raised are substantially the same as those discussed in Re Blumlein, 55 Fed. Rep. 383, (decided at this session.) The importer contended that the unit of tobacco on which the percentage should be calculated was the entire importation, including both plantation lots. This proposition, for the reasons expressed in Re Blumlein, supra, we hold to be unsound. Of the plantation lot which remained in Hartford, about 83½ per cent. was of the requisite size, fineness, and weight specified in paragraph 246 of the tariff act of 1883. We concur with the learned judge who tried the cause in the conclusion that the entire lot was liable to duty only under paragraph 247. It will be noted that in our opinion in the Blumlein Case we decide that the proper unit is the commercial bale. In the case at bar the learned circuit judge held that the "quantity of tobacco in the Senembah plantation lot" was the proper unit. Examination of his opinion, however, discloses the fact that such holding was based on the proved fact that all the bales in the lot were of uniform grade. Where all the bales in a lot are thus uniform, the same result is reached, whether lot or bale be taken as the unit. Where they are not uniform, however, the circuit judge expresses the opinion that the unit must be found in some smaller quantity. There is no substantial difference, therefore, between the decision of the circuit judge in this case and that of this court in the Blumlein Case.

The judgment of the circuit court is affirmed, with costs.